RICE et al. v. P. J. WILLIS & BRO.[a]

P. J. WILLIS & BRO. v. OAKES et al.

(Circuit Court of Appeals, Fifth Circuit. May 10, 1898.)

No. 671.

1. ADVERSE POSSESSION—COLOR OF TITLE.

"Title," as used in the Texas statute prescribing the three-years limitation, means a regular chain of transfer from or under the sovereignty of the soil; and "color of title" means a consecutive chain transfer down to the person in possession, without, however, being regular; as where one

---

[a] Petition for rehearing filed May 23d, and denied June 2d, without opinion.

of the memorials or muniments is not registered or duly registered, or is only in writing, or such like defects as do not include a want of intrinsic fairness and honesty.

2. VENDOR AND VENDEE—BONA FIDE PURCHASER—DESTROYED RECORDS.

A bona fide purchaser for value, without notice, of a tract of land, part of which has been conveyed to another by a deed the record whereof has been destroyed, and not replaced as provided by the statute, acquires a good title; but where, on subsequently receiving notice of the prior deed, he sells the land, and conveys it by a deed of special warranty, containing a reservation of the part conveyed by such previous deed, thus showing his waiver of previous notice, this protects the title of the grantees under the previous deed, so that his executors would have no power over the part conveyed by it.

Error and Cross Error to the Circuit Court of the United States for the Northern District of Texas.

John C. Winter, Pressley K. Ewing, and H. F. Ring, for plaintiffs in error Rice, House, and Oliver.

Eugene Williams, for P. J. Willis & Bro.

D. A. Kelley, for defendant in error R. A. Oakes.

Before PARDEE and McCORMICK, Circuit Judges, and SWAYNE, District Judge.

McCORMICK, Circuit Judge. This is a Texas real action to try the title to a tract of land described in the pleadings. The parties, by stipulation in writing, waived a jury, and submitted the case, on law and fact, to the decision of the judge. Reducing the finding of facts to working form, it shows that one Louis Moore was the common source of title through and under whom all the parties claim; that on February 1, 1875, Louis Moore conveyed to one E. H. Graham, trustee, the north half of the Morgan league, including the land in controversy, to secure a debt specified in the conveyance; that this trust deed was duly foreclosed, and the land sold according to the terms of the deed, at which sale, on September 8, 1881, one R. S. Willis became the purchaser; that, prior to the making of the trust deed, Louis Moore had deeded the land in controversy to A. Groesbeck, W. J. Hutchins, and W. R. Walker, trustees, by deed dated August 24, 1872, and duly recorded September 6, 1872; that the trustees named took for the benefit of the Houston & Texas Central Railway Company, and the trustees, parties to this suit, are the successors to the grantees in this deed; that the book in which the record was made was destroyed by fire on October 12, 1872, and the deed was re-recorded on June 13, 1893; that Willis had no notice of this conveyance at the time he purchased the north half of the Morgan league; that he was a purchaser for value, in good faith, and his purchase vested in him the title to the land in controversy; that on February 9, 1884, Willis executed and delivered to R. A. Oakes, for an adequate consideration, a deed to a part of the Morgan league, reciting in the deed that "this conveyance includes the north half of said league, less a certain portion sold to the Central Railway Company, lying at or near Perry Station"; that the land mentioned in and reserved out of this conveyance by R. S. Willis to R. A. Oakes, under which conveyance Oakes claims title to the

land in controversy, is the land that was conveyed by Louis Moore to Baker, Rice, Hutchins, and Groesbeck, trustees (whose title the defendants House, Rice, and Oliver hold), by deed of date August 24, 1872; that this last-named deed was duly recorded in Book K of the Records of Deeds of Falls County, in which county the land is situated, on September 6, 1872; that the land so conveyed by the deed last named was surveyed and marked by a civil engineer for the railway company and said trustees in the year 1872, together with one Gill, agent for Moore; that, when Oakes was about to purchase the land from Willis, he demanded a general warranty deed from Willis, which demand was refused, and Willis conveyed to Oakes by deed with special warranty against claims thereto arising by, under, or through him; that the deed of Willis to Oakes conveyed the north half of the Morgan league, less a certain portion sold to the Central Railway Company, lying at or near Perry Station, and was so expressed on the face of the deed; "that the tract so excepted is the land conveyed by Louis Moore, but it is not found that Willis meant this tract in making the reservation in his said deed." The last clause of the finding just quoted, to the effect that it is not found that Willis meant this tract in making the reservation in his said deed, would be somewhat confusing if the fact had not been so distinctly found that the land in controversy conveyed by Louis Moore to the trustees Baker, Rice, Hutchins, and Groesbeck is the land so excepted out of Willis' deed for the north half of the Morgan league to Oakes. That being the fact clearly found, the deed itself best shows what Willis meant in making the reservation. R. S. Willis died in 1892, leaving a will, which was duly probated, and in which he named executors, and clothed them with ample powers for independent action; and the executors named, having accepted the trust, and having duly qualified as such executors, conveyed the land in controversy to P. J. Willis & Bro. (incorporated), the plaintiff below, and plaintiff in error here.

The trial judge states as conclusion of law:

"(1) The plaintiff is not entitled to recover against either of the defendants, trustees, or the defendant Oakes. If, upon any conceivable theory, the plaintiff has any claim whatever to the land in controversy, such claim is barred as to the defendant Oakes by the three and five years' statutes of limitation.

"(2) As between the defendants, trustees, F. A. Rice, T. W. House, and W. C. Oliver, on the one hand, and the defendant Oakes on the other, the trustees are not entitled to recover against Oakes. Oakes is not an innocent purchaser for value, without notice as to the trustees, if such defense be available in an action at law. But, in the judgment of the court, the proof plainly shows that as to Oakes the claim of said trustees, defendants, is barred by the three and five years' statutes of limitation.

"(3) Judgment will be rendered that the plaintiff take nothing by its suit as against the said trustees, defendants, and the said defendant Oakes, and that, as to such defendants, the costs be adjudged against the plaintiff."

By the term "title," as used in the statutes of Texas prescribing what is called the "three-years limitation," is meant a regular chain of transfer from or under the sovereignty of the soil; and by "color of title" is meant a consecutive chain of such transfer down to such person in possession, without being regular, as if one of the me-

morials or muniments be not registered or not duly registered, or be only in writing or such like defect as may not extend to or include the want of intrinsic fairness and honesty. To support the five-years limitation, the party setting it up is required to show that he is claiming under a deed or deeds duly registered. Rev. St. Tex. 1895, arts. 3341, 3342.

As the land in controversy was excepted out of Willis' conveyance, covering all the other part of the north half of the Morgan league to Oakes, he was not able to show, and did not show, either title or color of title or deed of any kind to the land in controversy, and therefore did not make out either his plea of three years' or of five years' limitation. We concur with the judge of the circuit court in holding that the corporation, P. J. Willis & Bro., claiming under and through the executors of R. S. Willis, cannot recover the land in controversy, because, while it appears from the findings of fact that the title to it did vest in R. S. Willis at the time of his purchase, in 1881, by reason of the fact that he became a purchaser of the whole half league for value, without any actual or constructive notice of the prior conveyance, his recitation in the deed to Oakes shows that, having subsequently received such notice, he put on the face of his special warranty deed to his vendee a reservation which protected the title of the trustees F. A. Rice, T. W. House, and W. C. Oliver, and put it beyond the power of his executors to convey any title thereto to the plaintiff below, the plaintiff in error herein. There being, therefore, no title remaining in the estate of R. S. Willis which his executors could convey to the corporation, P. J. Willis & Bro., and hence no title in that corporation, and there being no right, legal or equitable, in Oakes to the land in controversy, and no support whatever to his plea of three and five years' statute of limitation, by reason of this lack of any deed thereto, and the land having been, in good faith and for an adequate consideration, conveyed by Louis Moore, the common source of title, to the predecessors in the trust of the trustees F. A. Rice, T. W. House, and W. C. Oliver, the title has continued to be in the trustees for the benefit of the Houston & Texas Central Railway Company, and remains theirs in law and in equity.

We conclude, therefore, that the judgment of the circuit court is not supported by the findings, and that the findings require that the judgment should be rendered in favor of the trustees F. A. Rice, T. W. House, and W. C. Oliver. It is therefore ordered that the judgment of the circuit court is reversed, and is now here reformed and rendered so as to vest the title to the land in controversy in the defendants, trustees, F. A. Rice, T. W. House, and W. C. Oliver.